# **<u>Exhibit 1</u>**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILADELPHIA PARKING AUTHORITY ) ) ) Plaintiff, ) ) v. ) ) AMERICAN TRAFFIC ) SOLUTIONS, LLC and AMERICAN ) TRAFFIC SOLUTIONS, INC. ) ) Defendants. ) | CIVIL ACTION NO: 2:14-cv-00789-JS |

## DEFENDANTS' FIRST AMENDED COUNTERCLAIMS

Defendants and Counterclaim Plaintiffs American Traffic Solutions, LLC, and American Traffic Solutions, Inc. (collectively "ATS"), by and through their undersigned counsel, hereby file these First Amended Counterclaims against Plaintiff and Counterclaim Defendant Philadelphia Parking Authority ("PPA"), and in support thereof aver as follows:

### PARTIES

1. American Traffic Solutions, LLC, is a Delaware limited liability corporation whose principal place of business is located at 1330 W. Southern Avenue, Suite 101, Tempe, Arizona, 85282. The members of American Traffic Solutions, LLC are American Traffic Solutions, Inc., a Kansas corporation and American Traffic Solutions Consolidated, LLC, a Delaware limited liability corporation. American Traffic Solutions Consolidated, LLC, is 100% owned by ATS Consolidated, Inc., a Delaware corporation.

2. American Traffic Solutions, Inc., is a Kansas corporation whose principal place of business is located at 1330 W. Southern Avenue, Suite 101, Tempe, Arizona, 85282.

3. Upon information and belief, PPA is a Pennsylvania governmental agency and a body corporate and politic, with a principal place of business at 701 Market Street, Suite 5400, Philadelphia, Pennsylvania 19106.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over ATS's Counterclaim pursuant to 28 U.S.C. § 1332 in that the matter in controversy is in excess of $75,000 exclusive of interest and costs, and is between citizens of Pennsylvania (PPA) and Kansas, Arizona, and Delaware (ATS).

5. Venue is proper in this District under 28 U.S.C. § 1391 because PPA has its principal place of business in this District, a substantial part of the events or omissions giving rise to this claim occurred in this District, and PPA is subject to personal jurisdiction in this District as of the date this action was commenced.

## FACTS

6. In October, 2004, PPA entered into a contract with Mulvihill Intelligent Control Systems, Inc. ("Mulvihill"), entitled Agreement to Provide Red Light Traffic Signal Photo Enforcement Systems and Associated Services (the "Agreement").

7. The Services that Mulvihill was to provide were defined in the Agreement, but generally consisted of "intersection site evaluation, maintenance of equipment, violation processing and collections, evidence preparation and implementation of a customer support system and a public information campaign, (collectively, the 'Red Light Enforcement Program')."

8. Under Section 10.06 of the Agreement, PPA explicitly claimed ownership of Work Product, which was defined as "all finished and unprocessable work, all violation documents, bad checks, microfilm, optical discs, computer tapes and all other products described

2

in Exhibit A, together with all finished or unfinished original documents or copies (when originals are unavailable), reports or other materials" prepared by ATS. In other words, when PPA intended to establish its ownership of assets under the Agreement, it did so explicitly.

9. ATS is the successor to Mulvihill under the Agreement, and ATS and PPA extended the term of the Agreement twice, first from February 14, 2008 to February 14, 2011 and then from February 14, 2011 to February 14, 2014.

10. Throughout the life of the Agreement, ATS has exclusively – at its own expense and effort – installed and maintained belowground infrastructure, including, but not limited to, the conduit and wiring, necessary for the Red Light Enforcement Program (the "Belowground Assets").

11. In September, 2013, PPA issued a Request for Proposals ("RFP") for a vendor to perform support services for the Red Light Enforcement Program at the expiration of the current term of the Agreement on February 14, 2014.

12. On December 23, 2013, PPA informed ATS by letter that it had awarded a contract for the services provided by ATS "to another service provider effective with the scheduled termination of the Contract on February 14, 2014."

13. The Agreement provides, pursuant to Sections 10.05 and 10.06, for a "Winding Down Period" that shall not exceed 6 months upon the termination of the contract, which would allow any new vendor working with PPA to come on board and establish their new system.

14. Despite PPA's allegations to the contrary in its Complaint, ATS has made every effort to work with PPA on the Winding Down Period.

15. For example, the parties met on February 6, 2014 to discuss operational aspects of the Winding Down Period (the "February 6 Meeting").

3

16. During the course of the February 6 Meeting, PPA asserted that it believes that it either owns or has the right to use, or allow its new vendor (Xerox State & Local Solutions, Inc. ("Xerox")) to use, the Belowground Assets.

17. In response, by letter dated February 7, ATS's counsel unequivocally asserted ATS's ownership rights over the Belowground Assets.

18. As a result, ATS filed a Counterclaim for declaratory judgment on February 10, 2014. Dkt. 7.

19. PPA filed an Answer to ATS's Counterclaim on February 20, 2014. Dkt. 12.

20. That same day, PPA filed a Motion for Judgment on the Pleadings concerning ATS's Counterclaim. Dkt. 13.

21. On March 14, 2014, ATS filed a Response in Opposition. Dkt. 17.

22. On March 19, 2014, PPA filed a Reply. Dkt. 18.

23. Despite ATS's pending Counterclaim for declaratory judgment and despite its own Motion for Judgment on the Pleadings concerning that Counterclaim, PPA has recklessly moved forward with its plan to assert ownership rights over or use the Belowground Assets in violation of ATS's Constitutional and common law rights.

24. Specifically, on March 20, 2014, Xerox – acting on behalf of and with the approval of PPA – sent a letter to ATS. In that correspondence, Xerox wrote that, "[p]ursuant to [its] contract with [PPA], on April 3, 2014, Xerox will commence with the installation of [its] red light cameras at the intersection of Roosevelt Blvd at Levick Street (5 approaches). Please accept this letter as notice per the request of [PPA] that ATS should disconnect its camera systems and remove its above ground equipment . . . from the intersection . . . ." Most importantly, Xerox wrote that it "will be trenching and installing new conduit from existing ATS

4

pole location[s] to where [its] new foundation[s]/pole[s] will be located, <u>and then will complete the installation **utilizing the existing conduit**</u>. To the extent that ATS does not disconnect its camera systems and/or remove above ground equipment that interferes with Xerox's installation, the Parking Authority will complete such disconnects and/or removals as applicable." (emphasis added).

### **COUNT ONE – DECLARATORY JUDGMENT**

25. All previous paragraphs are incorporated herein by reference and made a part hereof.

26. This Court has the authority under the law to declare the parties' rights pursuant to the Agreement.

27. The Agreement between PPA and ATS is a valid, enforceable contract.

28. ATS owns and has the right to control the Belowground Assets.

29. PPA has asserted a contrary right that it owns or controls the Belowground Assets.

30. Absent relief from this Court, PPA intends to pass ownership or control of the Belowground Assets to Xerox.

31. Accordingly, this is a real and actual controversy that is ripe for judicial determination.

32. A declaratory judgment is an appropriate remedy, because the determination sought will resolve the controversy.

33. The interests of ATS in this controversy are direct, substantial, and present.

5

WHEREFORE, Defendants and Counterclaim Plaintiffs American Traffic Solutions, LLC, and American Traffic Solutions, Inc., demand judgment against Plaintiff and Counterclaim Defendant Philadelphia Parking Authority as follows:

    a.    Determining and declaring that ATS owns and has the sole right to use the Belowground Assets;

    b.    Awarding taxable costs to ATS; and

    c.    Granting such other relief as the Court deems appropriate and just.

### COUNT TWO – SUBSTANTIVE DUE PROCESS VIOLATION

34.    All previous paragraphs are incorporated herein by reference and made a part hereof.

35.    Pursuant to 42 U.S.C. § 1983, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ."

36.    ATS owns and has the right to control the Belowground Assets, which are fundamental property interests protected by the United States Constitution.

37.    PPA, acting under the color of law, has asserted ownership rights over and/or intends to use the Belowground Assets owned by ATS.

38.    PPA's deprivation of ATS's property interests shocks the conscience, as PPA never previously asserted ownership over the Belowground Assets and is fully aware that ownership is an issue currently pending before the Court. Moreover, PPA's conduct shocks the

6

conscience because ATS owns the Underground Assets and PPA is purporting to seize those assets without compensation.

WHEREFORE, Defendants and Counterclaim Plaintiffs American Traffic Solutions, LLC, and American Traffic Solutions, Inc., demand judgment against Plaintiff and Counterclaim Defendant Philadelphia Parking Authority as follows:

    a.    Awarding compensatory and punitive damages in an amount in excess of $75,000 exclusive of interest and costs to be determined at trial, and attorneys' fees, to ATS;

    b.    Awarding taxable costs to ATS; and

    c.    Granting such other relief as the Court deems appropriate and just.

### COUNT THREE – UNJUST ENRICHMENT

39.    All previous paragraphs are incorporated herein by reference and made a part hereof.

40.    ATS exclusively – at its own expense and effort – obtained, installed, and maintained the Belowground Assets.

41.    ATS conferred the benefits of the Belowground Assets on PPA by utilizing the Belowground Assets for use in the Red Light Enforcement Program.

42.    PPA has appreciated those benefits from ATS by carrying out its Red Light Enforcement Program.

43.    As set forth above, PPA has stated its intent to seize the Belowground Assets, without compensation to ATS, such that the Belowground Assets will be used by Xerox going forward in the Red Light Enforcement Program.

7

44. It would be inequitable and unjust for PPA to seize the Belowground Assets, and retain the benefits thereof, without compensating ATS therefor.

WHEREFORE, Defendants and Counterclaim Plaintiffs American Traffic Solutions, LLC, and American Traffic Solutions, Inc., demand judgment against Plaintiff and Counterclaim Defendant Philadelphia Parking Authority as follows:

a. Awarding compensatory and punitive damages in an amount in excess of $75,000 exclusive of interest and costs to be determined at trial, and attorneys' fees, to ATS;

b. Awarding taxable costs to ATS; and

c. Granting such other relief as the Court deems appropriate and just.

## COUNT FOUR – CONVERSION

45. All previous paragraphs are incorporated herein by reference and made a part hereof.

46. ATS owns and has the right to control the Belowground Assets.

47. PPA has asserted ownership rights over and/or has stated its intent to use the Belowground Assets owned by ATS.

48. PPA's actions are wrongful because it intends to transfer the Belowground Assets to Xerox, depriving ATS of control over those Belowground Assets.

49. PPA's actions will deprive ATS of ownership and the right to control the Belowground Assets.

50. PPA may be immune from damages on ATS's claim for conversion, if it has not waived immunity. In the event that PPA is found to be immune from a suit for damages for

8

conversion, and ATS is otherwise unable to recover its damages resulting from PPA's conversion of the Belowground Assets, ATS will lack an adequate remedy at law.

WHEREFORE, Defendants and Counterclaim Plaintiffs American Traffic Solutions, LLC, and American Traffic Solutions, Inc., demand judgment against Plaintiff and Counterclaim Defendant Philadelphia Parking Authority as follows:

    a.    Awarding compensatory and punitive damages in an amount in excess of $75,000 exclusive of interest and costs to be determined at trial, and attorneys' fees, to ATS;

    b.    In the alternative, should the Court determine that ATS is not entitled to monetary damages for conversion, injunctive relief pursuant to ATS's claim for conversion;

    c.    Awarding taxable costs to ATS; and

    d.    Granting such other relief as the Court deems appropriate and just.

                Respectfully Submitted,

                BUCHANAN INGERSOLL & ROONEY PC

                By: *s/Gerald E. Burns*
                     Gerald E. Burns (PA ID #59466)
                     David A. Schumacher (PA ID #307085)
                     Two Liberty Place
                     50 S. 16th St., Suite 3200
                     Philadelphia, Pennsylvania 19102
                     Telephone: (215) 665-8700
                     Facsimile: (215) 665-8760
                     Email: gerald.burns@bipc.com
                     Email: david.schumacher@bipc.com
                        and
                     Andy Taylor (admitted *pro hac vice*)
                     Andy Taylor & Associates, P. C.
                     2668 Highway 36 S, #288
                     Brenham, Texas  77833
                     Telephone:  (713) 222-1817
                     Facsimile:  (713) 222-1855
                     Email:  ataylor@andytaylorlaw.com

Dated:  March 28, 2014            *Attorneys for Defendants*