# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILADELPHIA PARKING AUTHORITY )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AMERICAN TRAFFIC )<br>SOLUTIONS, LLC and AMERICAN )<br>TRAFFIC SOLUTIONS, INC. )<br>)<br>Defendants. ) | CIVIL ACTION NO:<br><br>2:14-cv-00789-JS |

## NOTICE

TO:   Michael V. Tinari, Esquire
LEONARD, SCIOLLA, HUTCHISON, LEONARD & TINARI, LLP
1500 JFK Boulevard
Philadelphia, PA  19102
*Attorneys for Plaintiff*

PLEASE TAKE NOTICE that Defendants American Traffic Solutions, LLC, and American Traffic Solutions, Inc., request that Xerox State and Local Solutions, Inc., produce documents for inspection and copying on May 7, 2014 at 9:00 a.m. at the address stated in and pursuant to the attached.  A subpoena *duces tecum* is attached and made a part hereof.

                        Respectfully Submitted,

                        BUCHANAN INGERSOLL & ROONEY PC

                      By: _____
                            Gerald E. Burns (PA ID #59466)
                            David A. Schumacher (PA ID #307085)
                            Two Liberty Place
                            50 S. 16th St., Suite 3200
                            Philadelphia, Pennsylvania 19102
                            Telephone: (215) 665-8700
                            Facsimile: (215) 665-8760
                            Email: gerald.burns@bipc.com
                            Email: david.schumacher@bipc.com
                              and
                            Andy Taylor (admitted *pro hac vice*)
                            Andy Taylor & Associates, P. C.
                            2668 Highway 36 S, #288
                            Brenham, Texas  77833
                            Telephone:  (713) 222-1817
                            Facsimile:  (713) 222-1855
                            Email:  ataylor@andytaylorlaw.com

Dated:  April 22, 2014              *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on April 22, 2014, a true and correct copy of the foregoing was served, upon the individuals listed below, by regular and electronic mail:

Michael V. Tinari, Esquire
LEONARD, SCIOLLA, HUTCHISON, LEONARD & TINARI, LLP
1500 JFK Boulevard
Philadelphia, PA  19102
*Attorneys for Plaintiff*

_____
David A. Schumacher

Case 8:14-mc-00312 Document 1-5 Filed 06/17/14 Page 5 of 14

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Marlyand

| Philadelphia Parking Authority | ) | |
|---|---|---|
| *Plaintiff* | ) | Civil Action No. 2:14-cv-00789-JS |
| v. | ) | |
| American Traffic Solutions, LLC, and American Traffic Solutions, Inc. | ) | (If the action is pending in another district, state where: ____Eastern____ District of ____Pennsylvania____ ) |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Xerox State & Local Solutions, Inc., 12410 Milestone Center Drive, Suite 500, Germantown, Maryland 20876

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Exhibit A

| Place: | 12410 Milestone Center Drive, Suite 500 Germantown, Maryland 20876 (unless otherwise agreed) | Date and Time: 5/7/2014 9:00 AM |
|---|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   4/22/2014

*CLERK OF COURT*

OR   *[signature]*

_____        _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
American Traffic Solutions, LLC, and American Traffic Solutions, Inc.__ , who issues or requests this subpoena, are:
David A. Schumacher, Esquire, BUCHANAN INGERSOLL & ROONEY PC, 50 S. 16th Street, Suite 3200, Philadelphia, PA 19102-2555; Phone: 215-665-8700; Email: david.schumacher@bipc.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2:14-cv-00789-JS

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*   Xerox State & Local Solutions, Inc.
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

Case 8:14-mc-00312 Document 1-5 Filed 06/17/14 Page 7 of 14

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

　(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

　(2) *Command to Produce Materials or Permit Inspection.*

　　(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

　　(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

　　　(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

　　　(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

　(3) *Quashing or Modifying a Subpoena.*

　　(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

　　　(i) fails to allow a reasonable time to comply;

　　　(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

　　　(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

　　　(iv) subjects a person to undue burden.

　　(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

　　　(i) disclosing a trade secret or other confidential research, development, or commercial information;

　　　(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

　　　(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

　　(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

　　　(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

　　　(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

　(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

　　(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

　　(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

　　(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

　　(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

　(2) *Claiming Privilege or Protection.*

　　(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

　　　(i) expressly make the claim; and

　　　(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

　　(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILADELPHIA PARKING AUTHORITY ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO: |
| ) | 2:14-cv-00789-JS |
| v. ) ) | |
| AMERICAN TRAFFIC SOLUTIONS, LLC and AMERICAN TRAFFIC SOLUTIONS, INC. ) ) ) ) | |
| Defendants. ) | |

## EXHIBIT A TO SUBPOENA *DUCES TECUM*

### DEFINITIONS

1.  "You," "Your," and "Xerox" shall mean Xerox State and Local Solutions, Inc., and its attorneys, agents, representatives or any other person or entity acting, either directly or indirectly, on its behalf, including without limitation, its predecessors, successors, parents, affiliates, subsidiaries, or related entities and all of its officers, directors, partners, employees, agents, attorneys, and accountants.

2.  "ATS" and "Defendants" shall mean Defendants/Counterclaim Plaintiffs American Traffic Solutions, LLC, and American Traffic Solutions, Inc., and their attorneys, agents, representatives or any other persons or entities acting, either directly or indirectly, on their behalf, including without limitation, their predecessors, successors, parents, affiliates, subsidiaries, or related entities and all of their officers, directors, partners, employees, agents, attorneys, and accountants.

3.  "PPA" shall mean Plaintiff/Counterclaim Defendant Philadelphia Parking Authority and its attorneys, agents, representatives or any other person or entity acting, either

directly or indirectly, on its behalf, including without limitation, its predecessors, successors, parents, affiliates, subsidiaries, or related entities and all of its officers, directors, partners, employees, agents, attorneys, and accountants.

4. "Mulvihill" shall mean Mulvihill Intelligent Control Systems, Inc., and its attorneys, agents, representatives or any other person or entity acting, either directly or indirectly, on its behalf, including without limitation, its predecessors, successors, parents, affiliates, subsidiaries, or related entities and all of its officers, directors, partners, employees, agents, attorneys, and accountants.

5. "Agreement" shall mean the October 2004 contract between Mulvihill and PPA entitled "Agreement to Provide Red Light Traffic Signal Photo Enforcement Systems and Associated Services," and any extensions or amendments thereto.

6. "Red Light Traffic Signal Photo Enforcement System" shall have the same meaning given to it in Section 7.1.1 of the Agreement.

7. "RFP" shall mean any Request for Proposals issued by PPA for a vendor to perform support services for the Red Light Traffic Signal Photo Enforcement System, including but not limited to the RFPs issued in 2004 and 2013.

8. "Belowground Assets" shall mean all physical assets located below the surface of any street, road, median, or sidewalk that are used in connection with the Red Light Traffic Signal Photo Enforcement System, including, but not limited to, conduits, wires, loops, connectors, other hardware, and the processes involved in installing same.

9. "Lawsuit" shall mean the case captioned *Philadelphia Parking Authority v. American Traffic Solutions, LLC and American Traffic Solutions, Inc.*, E.D. Pa. No. 2:14-cv-00789.

10. "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise) by any means or medium including, without limitation, by letter, meeting, presentation, memorandum, email, in-person conversation, telephone conversation, electronic communication, voice mail message, instant message, text message, facsimile and any other means of communicating.

11. "Document" shall have the same meaning as in Fed. R. Civ. P. 34 and F.R.E. 1001 and shall include all written, printed and/or electronic matter of any kind including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, whether stored in hard copy files, in electronic or software files, in email files and/or in any other file or location and including, without limitation, correspondence, memoranda, notes, diaries, electronic communications, e-mail, computer disks, magnetic tapes, software, computer information, statistics, spreadsheets, financial statements and records, letters, minutes, resolutions, agendas, contracts, term sheets, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, interoffice and intra-office communications, offers, notations, bulletins, computer printouts, teletypes, tele-faxes, facsimiles, invoices, worksheets and all drafts, alterations, modifications, changes and amendments of any of the foregoing, graphic or manual records or representations of any kind, photographs, charts, graphs, microfiche, microfilm, videotape, records, motion pictures, and electronic, mechanical or electric records or representations of any kind, including, without limitation, tapes, cassettes, disks and recordings.

12. "Software" means all materials relating to software and computer systems and includes, but is not limited to, all currently existing and backed-up or archived electronic documents and representations including, but not limited to data files, programs and data images

stored on any type of media, including any document management system, hard drive, company-wide drive, personal drive, local drive, thumb drive, server, magnetic tape or cartridge, backup tapes, source code files and object code files, and includes any related command procedures, functional specifications, programmer reference guides, detailed design specifications and drawings, test plans, procedures and reports, documentation and other information in machine readable or document form.

13.  "Evidencing," "referring," "relating," "regarding" and "concerning" mean referring to, referencing, relating to, discussing, reflecting, dealing with, analyzing, evaluating, estimating, constituting, describing, detailing, memorializing, or pertaining to in any way, either directly or indirectly, in whole or in part.

14.  The term "identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), address(es), and recipient(s).

15.  "And" and "or" mean "and/or" whenever the context reasonably allows or requires such construction.

## INSTRUCTIONS

1.  All documents and communications shall be produced as kept in the usual course of business, or organized and labeled to correspond with the categories of these Requests.

2.  ATS will accept and prefers production of documents as TIF images or PDFs on CDs or DVDs.

3.  All documents and communications shall be produced on CDs or DVDs in native format, or as TIF images or PDFs.

4. Any digital text contained in the original documents and communications shall be produced with the TIF images or included in the PDFs.

5. All color originals shall be produced in color.

6. Each Request includes all non-identical copies of documents and communications in your possession or control, which can be located, discovered, or obtained by reasonably diligent efforts, including without limitation (a) all documents possessed by you or your counsel, (b) all documents possessed by any other person or entity from whom you can obtain such documents by request, and (c) all documents which you have a legal right to bring within your possession by demand.

7. If you object to any portion or aspect of production, produce all documents responsive to the remainder.

8. If you encounter any ambiguities in any part of these Requests, set forth the matter deemed ambiguous and the construction used in your response.

9. The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense as necessary to give each Request its broadest possible interpretation.

10. Any use of the singular in these Requests shall include the plural, and the plural shall include the singular as necessary to give each Request its broadest possible interpretation.

11. If any Request cannot be complied with in full, it shall be complied with to the extent possible, and an explanation shall be given as to why full compliance is not possible.

## **DOCUMENTS TO BE PRODUCED**

1. All documents and communications, including but not limited to those documents and communications between You and PPA, relating to the Belowground Assets.

2. All documents and communications, including but not limited to those documents and communications between You and PPA, relating to ownership of the Belowground Assets.

3. All documents relating to Your use, or potential use, of any of the Belowground Assets.

4. All documents relating to Your payment for, or potential payment for, any of the Belowground Assets.

5. All documents and communications between You and PPA related to the RFP issued by PPA in 2013.

6. All documents relating to whether You included the cost of any Belowground Asset in Your response to the 2013 RFP issued by PPA.

7. All documents relating to how You structured and/or amended Your bid in response to the RFP.

8. All communications between You and PPA that relate in any way to ATS.

9. All communications between You and any other person or entity relating to the Lawsuit.

10. All documents relating to any Red Light Traffic Signal Photo Enforcement System data delivery, data migration, or data integration.

11. All documents, including but not limited to communications between You and PPA, relating to the "transition of services and equipment to XSLS" as described in Your letter to ATS dated April 17, 2014.

6

12. All documents, including but not limited to, communications between You and PPA, relating to Your contention that ATS is not cooperating in the transition of services and equipment to You, as described in Your letter to ATS dated April 17, 2014.

13. All documents, including but not limited to, communications between You and PPA, relating to Your contention that ATS has "hindered [Your] ability to complete the takeover" as described in Your letter to ATS dated April 17, 2014.

14. All documents, including but not limited to, communications between You and PPA, relating to Your contention that ATS has "caused a financial impact" to You, as described in Your letter to ATS dated April 17, 2014.

15. To the extent not covered by the preceding Requests, all documents and communications between You and PPA related to the price of Your bid in response to the RFP.