# Exhibit 8

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILADELPHIA PARKING AUTHORITY : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO.: |
| : | 2:14-cv-00789-JS |
| AMERICAN TRAFFIC SOLUTIONS, LLC and : | |
| AMERICAN TRAFFIC SOLUTIONS, INC.: | |
| : | |
| Defendants. : | |

### RESPONSES AND OBJECTIONS TO SUBPOENA DUCES TECUM SERVED ON XEROX STATE AND LOCAL SOLUTIONS, INC.

Xerox State and Local Solutions, Inc. ("Xerox"), by and through its undersigned counsel, hereby responds and objects to the subpoena duces tecum served on it on May 13, 2014:

### GENERAL OBJECTIONS

1. Xerox objects to the subpoena to the extent it exceeds the scope of, or purports to impose any greater objection than, that which is permissible under the Federal Rules of Civil Procedure.

2. Xerox objects to the subpoena to the extent that it purports to impose the expense of electronic discovery on it, a non-party, rather than on American Traffic Solutions, LLC, and American Traffic Solutions, Inc. (collectively, "ATS"), which served the subpoena.

3. Xerox objects to the subpoena to the extent it purports to require the production of documents or information protected from disclosure by the attorney-client privilege and/or the work product doctrine.

4. Xerox objects to the subpoena to the extent it purports to require the production of documents that are confidential or proprietary in nature, or that relate to third parties to whom Xerox owes fiduciary or other legal obligations.

5. Xerox objects to the subpoena's use of the defined terms "you," "your," and "Xerox" to the extent they purport to include entities other than Xerox State and Local Solutions, Inc., the entity that submitted the bid for the contract that is the subject of this lawsuit. Xerox further objects to the subpoena's use of the defined terms "you," "your," and "Xerox" to the extent they purport to include officers, directors, partners, employees, agents, or accountants of entities other than Xerox State and Local Solutions, Inc. Finally, Xerox objects to the subpoena's use of the defined terms "you," "your," and "Xerox" to the extent they purport to include any attorney employed by Xerox, or with whom Xerox consulted.

6. Xerox objects to the subpoena's use of the defined term "Belowground Assets" as overly broad to the extent that ATS, through the use of that term, refers to physical assets other than the wiring and conduit that is the focus of ATS's Amended Counterclaim (*see, e.g.* Amended Counterclaim at ¶¶ 10, 24).

7. Xerox objects to the subpoena's use of the defined term "Communication" as overly broad to the extent that it purports to require the production of in-person conversations, telephone conversations, or any other conversation, message, or recording that was not documented or memorialized during the ordinary course of business.

Subject to and without waiving any of the foregoing general objections, Xerox responds as follows:

1. All documents and communications, including but not limited to those documents and communications between You and PPA, relating to the Belowground Assets.

**RESPONSE:**

Xerox incorporates General Objections 1 through 7 as if fully set forth herein. Xerox also objects to Request 1 to the extent that it purports to require the production of documents or information protected from disclosure by the attorney-client privilege and/or the work product doctrine. Xerox further objects to Request 1 to the extent that it employs the definitions of "you," "communications," and "Belowground Assets," which are overly broad and unduly burdensome for the reasons set forth in General Objections 5, 6, and 7. Subject to and without waiving any of the foregoing objections, Xerox will produce responsive, non-privileged documents after ATS agrees to the payment of Xerox's costs associated with the electronic discovery called for under this subpoena.

2. All documents and communications, including but not limited to those documents and communications between You and PPA, relating to ownership of the Belowground Assets.

**RESPONSE:**

Xerox incorporates General Objections 1 through 7 as if fully set forth herein. Xerox also objects to Request 2 to the extent that it purports to require the production of documents or information protected from disclosure by the attorney-client privilege and/or the work product doctrine. Xerox further objects to Request 2 to the extent that it employs the definitions of "you," "communications," and "Belowground Assets," which are overly broad and unduly burdensome for the reasons set forth in General Objections 5, 6, and 7. Subject to and without waiving any of the foregoing objections, Xerox will produce responsive, non-privileged documents after ATS agrees to the payment of Xerox's costs associated with the electronic discovery called for under this subpoena.

3. All documents relating to Your use, or potential use, of any of the Belowground Assets.

**RESPONSE:**

Xerox incorporates General Objections 1 through 7 as if fully set forth herein. Xerox also objects to Request 3 to the extent that it purports to require the production of documents or information protected from disclosure by the attorney-client privilege and/or the work product doctrine. Xerox further objects to Request 3 to the extent that it employs the definitions of "you" and "Belowground Assets," which are overly broad and unduly burdensome for the reasons set forth in General Objections 5 and 6. Subject to and without waiving any of the foregoing objections, Xerox will produce responsive, non-privileged documents after ATS agrees to the payment of Xerox's costs associated with the electronic discovery called for under this subpoena.

4. All documents relating to Your payment for, or potential payment for, any of the Belowground Assets.

**RESPONSE:**

Xerox incorporates General Objections 1 through 7 as if fully set forth herein. Xerox also objects to Request 4 to the extent that it purports to require the production of documents or information protected from disclosure by the attorney-client privilege and/or the work product doctrine. Xerox further objects to Request 4 to the extent that it employs the definitions of "you" and "Belowground Assets," which are overly broad and unduly burdensome for the reasons set forth in General Objections 5 and 6. Subject to and without waiving any of the foregoing objections, Xerox is not presently aware of any responsive, non-privileged documents.

    5.    All documents and communications between You and PPA related to the RFP issued by PPA in 2013.

**RESPONSE:**

Xerox incorporates General Objections 1 through 7 as if fully set forth herein. Xerox also objects to Request 5 as overly broad, unduly burdensome, and as seeking documents that are neither relevant to any parties' claims or defenses in this matter or likely to lead to the discovery of admissible evidence. By way of further objection, any responsive documents Xerox may have in its possession or control already have been requested through Requests 1 through 4, and therefore this Request both is duplicative and seeks documents and information beyond the claims and defenses at issue here. Xerox further objects to the use of the defined term "you," which is overly broad for the reasons set forth in General Objection 5.

    6.    All documents relating to whether You included the cost of any Belowground Asset in Your response to the 2013 RFP issued by PPA.

**RESPONSE:**

Xerox incorporate General objections 1 through 7 as if fully set forth herein. Xerox also objects to Request 6 to the extent that it purports to require the production of documents protected from disclosure by the attorney-client privilege and/or work product doctrine. Xerox further objects to Request 4 to the extent that it employs the definitions of "you" and "Belowground Assets," which are overly broad and unduly burdensome for the reasons set forth in General Objections 5 and 6. By way of further objection, any responsive documents Xerox may have in its possession or control already have been requested through Requests 1 through 4, and therefore this Request both is duplicative and seeks documents and information beyond the claims and defenses at issue here.

7. All documents relating to how You structured and/or amended Your bid in response to the RFP.

**RESPONSE:**

Xerox incorporates General Objections 1 through 7 as if fully set forth herein. Xerox also objects to Request 7 as overly broad, unduly burdensome, and as seeking documents that are neither relevant to any parties' claims or defenses in this matter or likely to lead to the discovery of admissible evidence. By way of further objection, any responsive documents Xerox may have in its possession or control already have been requested through Requests 1 through 4, and therefore this Request both is duplicative and seeks documents and information beyond the claims and defenses at issue here. Xerox further objects to the use of the defined term "you," which is overly broad for the reasons set forth in General Objection 5.

8. All communications between You and PPA that relate in any way to ATS.

**RESPONSE:**

Xerox incorporates General Objections 1 through 7 as if fully set forth herein. Xerox also objects to Request 8 as overly broad, unduly burdensome, and as seeking documents that are neither relevant to any parties' claims or defenses in this matter or likely to lead to the discovery of admissible evidence. By way of further objection, any responsive documents Xerox may have in its possession or control already have been requested through Requests 1 through 4, and therefore this Request both is duplicative and seeks documents and information beyond the claims and defenses at issue here. Xerox further objects to the use of the defined term "you," which is overly broad for the reasons set forth in General Objection 5.

9. All communications between You and any other person or entity relating to the Lawsuit.

**RESPONSE:**

Xerox incorporates General Objections 1 through 7 as if fully set forth herein. Xerox also objects to Request 9 as overly broad, unduly burdensome, and as seeking documents that are neither relevant to any parties' claims or defenses in this matter or likely to lead to the discovery of admissible evidence. Xerox also objects to Request 9 to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or the work product doctrine. By way of further objection, any responsive documents Xerox may have in its possession or control already have been requested through Requests 1 through 4, and therefore this Request both is duplicative and seeks documents and information beyond the claims and defenses at issue here. Xerox further objects to the use of the defined term "you," which is overly broad for the reasons set forth in General Objection 5.

10. All documents relating to any Red Light Traffic Signal photo Enforcement System data delivery, data migration, or data integration.

**RESPONSE:**

Xerox incorporates General Objections 1 through 7 as if fully set forth herein. This request purports to require the production of all documents, without any limitation, relating to any Red Light Traffic Signal Photo Enforcement System, without being limited to the system at issue in this Action. This request accordingly is overly broad, unduly burdensome, and seeks documents that are neither relevant to any parties' claims or defenses in this matter or likely to lead to the discovery of admissible evidence. By way of further objection, any responsive documents Xerox may have in its possession or control already have been requested through Requests 1 through 4, and therefore this Request both is duplicative and seeks documents and information beyond the claims and defenses at issue here. Xerox further objects to the use of the defined term "you," which is overly broad for the reasons set forth in General Objection 5.

11. All documents, including but not limited to communications between You and PPS, relating to the "transition of services and equipment to SXLS" as described in Your letter to ATS dated April 17, 2014.

**RESPONSE:**

Xerox incorporates General Objections 1 through 7 as if fully set forth herein. Xerox also objects to Request 11 to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or the work product doctrine. Xerox also objects to Request 5 as overly broad, unduly burdensome, and as seeking documents that are neither relevant to any parties' claims or defenses in this matter or likely to lead to the discovery of admissible evidence. By way of further objection, any responsive documents Xerox may have in its possession or control already have been requested in Requests 1 through 4, and therefore this Request both is duplicative and seeks documents and information beyond the claims and defenses at issue here. Xerox further objects to the use of the defined term "you" and "communication" as overly broad for the reasons set forth in General Objections 5 and 7.

12. All documents, including but not limited to, communications between You and PPA, relating to Your contention that ATS is not cooperating in the transition of services and equipment to You, as described in Your letter to ATS dated April 17, 2014.

**RESPONSE:**

Xerox incorporates General Objections 1 through 7 as if fully set forth herein. Xerox also objects to the use of the defined terms "you" and "communication" as overly broad for the reasons set forth in General Objections 5 and 7. Xerox further objects to this Request as premature and as seeking documents and information neither relevant to any parties' claims or defenses in this matter or likely to lead to the discovery of admissible evidence, in that Xerox has not yet asserted any claims against ATS arising out of ATS's lack of cooperation in the transition of services and equipment.

13.    All documents, including but not limited to, communications between You and PPS, relating to Your contention that ATS has "hindered [Your] ability to complete the takeover" as described in Your letter to ATS dated April 17, 2014.

**RESPONSE:**

Xerox incorporates General Objections 1 through 7 as if fully set forth herein. Xerox also objects to the use of the defined terms "you" and "communication" as overly broad for the reasons set forth in General Objections 5 and 7. Xerox further objects to this Request as premature and as seeking documents and information neither relevant to any parties' claims or defenses in this matter or likely to lead to the discovery of admissible evidence, in that Xerox has not yet asserted any claims against ATS arising out of ATS's lack of cooperation in the transition of services and equipment.

14.    All documents, including but not limited to, communications between You and PPS, relating to Your contention that ATS has "caused a financial impact" to You, as described in Your letter to ATS dated April 17, 2014.

**RESPONSE:**

Xerox incorporates General Objections 1 through 7 as if fully set forth herein. Xerox also objects to the use of the defined terms "you" and "communication" as overly broad for the reasons set forth in General Objections 5 and 7. Xerox further objects to this Request as premature and as seeking documents and information neither relevant to any parties' claims or defenses in this matter or likely to lead to the discovery of admissible evidence, in that Xerox has not yet asserted any claims against ATS arising out of ATS's lack of cooperation in the transition of services and equipment.

15. To the extent not covered by the preceding Requests, all documents and communication between You and PPA related to the price of Your bid in response to the RFP.

**RESPONSE:**

Xerox incorporates General Objections 1 through 7 as if fully set forth herein. Xerox also objects to Request 15 as overly broad, unduly burdensome, and as seeking documents that are neither relevant to any parties' claims or defenses in this matter or likely to lead to the discovery of admissible evidence. By way of further objection, any responsive documents Xerox may have in its possession or control already have been requested in Requests 1 through 4, and therefore this Request both is duplicative and seeks documents and information beyond the claims and defenses at issue here. Xerox further objects to the use of the defined term "you" and "communication" as overly broad for the reasons set forth in General Objection 5 and 7.

_____
John C. Grugan
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Tel: (215) 864-8226

Attorneys for Xerox State and Local Solutions, Inc.

Date: May 23, 2014

## CERTIFICATE OF SERVICE

I, John C. Grugan, Esquire, hereby certify that on this date, I caused a true and correct copy of the foregoing Responses and Objections to Subpoena Duces Tecum Served on Xerox State and Local Solutions, Inc. to be served upon the following by email:

> Gerald E. Burns, Esquire
> David A. Schumacher, Esquire
> Buchanan Ingersoll & Rooney PC
> Two Liberty Place
> 50 S. 16th Street, Suite 3200
> Philadelphia, PA 19102
>
> Andy Taylor, Esquire
> Andy Taylor & Associates, P.C.
> 2668 Highway 36 S, #288
> Brenham, TX 77833
>
> Michael V. Tinari, Esquire
> Leonard, Sciolla, Hutchinson, Leonard & Tinari, LLP
> 1500 JFK Boulevard
> Philadelphia, PA 19102

Date: May 23, 2014

_____
John C. Grugan